# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**ELRODA SHAYAYA THOMPSON,**

        Petitioner,

**v**.

**R. HUDGINS,**

        Respondent.

**Civil Action No.:5:20-cv-78**
Judge Bailey

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On April 21, 2020, Elroda Thompson, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction from the Middle District of North Carolina. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.   BACKGROUND[1]

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER and all ECF numbers are from that case. *See United States v. Thompson*, 1:12-cr-00434-CCE-1 (NCMD). *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On December 17, 2012, a grand jury returned an indictment against the petitioner charging him with one count of possession of a firearm by a convicted felon. [Doc. 1]. On May 31, 2013, the petitioner pleaded guilty pursuant to a plea agreement, reserving his right to appeal the denial of his motion to dismiss. Because he had three prior North Carolina second-degree burglary convictions, the Pre-Sentence Report prepared by the probation office concluded that he was subject to the 15-year statutory minimum sentence required by the Armed Career Criminal Act ("ACCA"). [Doc. 65]. The petitioner objected, contesting that he did not qualify as an Armed Career Criminal because two of the burglaries were not separate offenses. [Doc. 22 at 3-4]. The government filed a motion for judicial notice asking the Court to consider a map showing the distance between two of the burglarized home [Doc. 35], to strengthen its contention that the burglaries were separate offenses. [Doc. 23 at 4-5]. The Court denied the Government's motion. [Doc. 43 at 34:18]. However, based on other evidence, the Court found that the three burglaries were separate offenses. [Doc. 43]. On October 9, 2013, the district court sentenced the petitioner to 180 months, the statutory mandatory minimum term of imprisonment applicable under the ACCA. [Doc. 30 at 2].

On October 1, 2014, the Fourth Circuit affirmed the sentence, agreeing that the prior burglaries were separate offenses. *Thompson v. United States*, 584 F. App'x 101, 104-05 (4th Cir. 2014) (per curiam), *cert. denied*, 135 S. Ct. 1515 (2015), *reh'g denied*, 135 S.Ct. 2074 (2015); [Doc. 30].

On May 4, 2016, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Doc. 55]. As grounds for relief, the petitioner alleged that (1) his predicate felonies were not separate offenses, (2) the court abused

its discretion by considering the map in deciding that the burglaries were separate offenses, and (3) he was entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). On July 5, 2016 the petitioner filed a motion seeking to amend his original motion to add a claim based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). [Doc. 59]. On October 4, 2016, the court denied the petitioner's § 2255 motion and denied his motion to add a claim under *Mathis*. [Doc. 67]. On June 13, 2017, the Fourth Circuit denied a certificate of appealability and dismissed the petitioner's appeal. [Doc. 71].

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The

requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV.     CLAIMS OF THE PETITION

The petitioner requests that this Court vacate his conviction and sentence. In support of his request, the petitioner relies on the recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). More specifically, the petitioner argues that pursuant to *Rehaif*, the Government must show that the defendant knew that he possessed the firearm and belonged to the relevant category of persons barred from possessing a firearm. He expounds on this argument by suggesting that once completing probation or parole, if a person is not told in writing or orally that he or she is barred from possessing a firearm for life, then the question of status looms large per *Rehaif*. [Doc. 1-2 at 2].[2]

## V.     APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district

---

[2] The undersigned notes that the petitioner has a motion pending with the Fourth Circuit for leave to file a second or successive § 2255 to challenge his conviction under *Rehaif*. *See* Appellate Case No. 20-296. That motion was filed on June 15, 2020, shortly after he filed the instant § 2241. According to the Fourth Circuit docket, the matter was placed in abeyance on July 16, 2020 pending the decision in 19-373. In turn, Case 19-373 has been placed in abeyance pending issuance of the mandate in *United States v. Gary*, 18-4578 which is currently pending on writ of certiorari in Supreme Court of the United States Case No. 20-444.

court of conviction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2000); *In re Vial*. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. *Id.* § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." *Id.*

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. §

5

2241. *In re Vial*, 115 F.3d at 1194, n.5; *In re Jones*, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

---

[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

6

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in *Wheeler*. *Id.*

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

## VI.   ANALYSIS

The petitioner argues that in the wake of the Supreme Court's decision in *Rehaif*, he is actually innocent of his conviction under 18 U.S.C. § 922(g). Section 922 (g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons …. A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to ten years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that the "the word

7

knowingly applies both to the defendant's conduct and to the defendant's status. To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S.Ct. at 2194. Although not specifically enumerated, the undersigned assumes that the petitioner is arguing that he was not aware of his status as a prohibited person, nor was the status requirement explained to him during plea negotiations, the plea hearing, or sentencing by defense counsel or the government. Therefore, he claims that he is actually innocent.

As noted above, the court may not entertain the petitioner's § 2241 petition unless he can satisfy the conditions set forth in *Jones* or *Wheeler*. *See Asar v. Travis*, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D. S.C. Feb. 10, 2020) ("AsarI") ("To trigger the savings clause of § 2255 (e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler* or in *In re Jones*," adopted by 2020 WL 3843638 (D.S.C. July 8, 2020) ("*AsarII*"). "If any one of the requirements is not met, the Court is deprived of his jurisdiction and may not entertain the petition to begin with." *Ledezma-Rodriguez v. Brecken*, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting *Wheeler*, 886 F.3d at 425).

It is clear that the petitioner meets the first and third requirements. First, settled law of this circuit or the Supreme Court at the time of the petitioner's sentencing established the legality of his conviction and sentence. *See Jones*, 328 F.3d at 333-34; *see also Wheeler*, 886 F.3d at 420. The Fourth Circuit has noted that *Rehaif* abrogated prior circuit precedent. *United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020) (citing *United States v. Langley*, 62 F.3d 602 (4th Cir. 1995)). Therefore, the first

requirement has been met. The petitioner also satisfies the third condition, because *Rehaif* was a decision of statutory interpretation, not constitutional law. *See In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 209) (per curiam). ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam).

The petitioner, however, cannot satisfy the second prerequisite under *Jones*. Since *Rehaif*, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law because the conduct for which the petitioner was convicted is still illegal. *See, e.g.*, *AsarII*, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); *Erby v. Brekon*, No. 7:18-CV-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 4, 2020 (citing cases); *Hoffman v. Brekon*, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of *Jones*, the crime for which he was convicted remains a criminal offense, and therefore he cannot satisfy the second element of *Jones*."), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at 9 (D.S.C. Sept. 23, 2019 ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be

9

criminal. Here, no such change occurred."), *adopted by* 2019 WL 561-6884 (D.S.C. Oct. 31, 2019).

Consequently, because the petitioner attacks the validity of his conviction and fails to establish that he meets all the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. *Rice*, 617 F.3d at 807.

## VII.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  January 27, 2021

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE