IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ELRODA SHAYAYA THOMPSON,**

Petitioner,

v.

**Civil Action No. 5:20-CV-78**
Judge Bailey

**R. HUDGINS,** Warden,

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 13]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 27, 2021, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction from the Middle District of North Carolina.[1] On December 17, 2012, a grand jury returned an indictment against petitioner charging him with one count of possession of a

---

[1]Unless otherwise noted, the background information in this section is taken from the Petitioner's criminal docket available on PACER. *See **United States v. Thompson**,* 1:12-CR-00434-CCE-1 (M.D. N.C.).

firearm by a convicted felon.  On May 31, 2013, petitioner plead guilty pursuant to a plea agreement and reserved his right to appeal the court's denial of his motion to dismiss. Because he had three prior North Carolina second-degree burglary convictions, the Pre-Sentence Report concluded that he was subject to the 15-year statutory minimum sentence required by the Armed Career Criminal Act ("ACCA").  Petitioner objected by contesting that he did not qualify as an Armed Career Criminal because two of the burglaries were not separate offenses.  Ultimately, the court found that the burglaries were separate offenses, and it sentenced petitioner to the statutory mandatory minimum term of imprisonment applicable under the ACCA, which was 180 months.

On October 1, 2014, the Fourth Circuit affirmed the sentence, agreeing that the prior burglaries were separate offenses.  *See Thompson v. United States*, 584 F. App'x 101, 104–05 (4th Cir. 2014) (per curiam), *cert. denied*, 135 S.Ct. 1515 (2015).

On May 4, 2016, petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, which was denied.  Later, the Fourth Circuit denied a certificate of appealability and dismissed petitioner's appeal.

In his petition before this Court, petitioner requests that this Court vacate his conviction and sentence.  In support of his request, petitioner relies on the recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).  More specifically, petitioner argues that pursuant to *Rehaif*, the Government must show that  he knew he possessed the firearm and belonged to the relevant category of persons barred from possessing a firearm.  He expounds upon this argument by suggesting that once completing probation or parole, if a person is not told in

writing or orally that he or she is barred from possessing a firearm for life, then the question of status looms large per *Rehaif*.[2]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where

---

[2]As noted by the Magistrate Judge, petitioner has a motion pending before the Fourth Circuit for leave to file a second or successive § 2255 to challenge his conviction under *Rehaif*. *See* Case. No. 20-296. According to the Fourth Circuit docket, that matter was placed in abeyance on July 16, 2020, pending a decision in Case No. 19-373. In turn, Case No. 19-373 has been placed in abeyance pending issuance of the mandate in *United States v. Gary*, Case No. 18-4578, which is currently pending on a writ of certiorari in the Supreme Court of the United States.

none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the R&R [Doc. 15] on February 10, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. APPLICABLE LAW

28 U.S.C. §§ 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her incarceration. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2555 in the district of the court of conviction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. 28 U.S.C. § 2255(h). Courts of appeals grant such request only if newly discovered evidence establishes "by a clear and convincing evidence that no reasonable fact finder would have found the movant guilty" or that a previously

4

unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

On the other hand, a petition for writ of habeas corpus pursuant to § 2241 is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D. S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to § 2241. *In re Vial*, 115 F.3d at 1194, n.5; *In re Jones*, 226 F.328, 333 (4th Cir. 2000). However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. *Id.*

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfied the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. *See United States v. Wheeler*, 88 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.328 at 333–34. When a petitioner is challenging the

5

legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all

three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*Id.*

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be

"inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law

within the Circuit, not solely in the Supreme Court of the United States, would be enough to

satisfy the second prong of the four-part test established in *Wheeler*. *Id.*

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner

relying on the § 2255(e) savings clause must satisfy the *Jones* test (if challenging the legality

of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court

to have subject-matter jurisdiction to evaluate the merits of petitioner's claims. *Id.* at 423–26.

## IV. DISCUSSION

Petitioner argues that in the wake of the Supreme Court of the United States decision in *Rehaif*, he is actually innocent with respect to his conviction under 18 U.S.C. § 922(g). Specifically, § 922(g) provides that "it shall be unlawful for certain individuals to posses firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to ten years." *Rehaif*, 139 S.Ct. at 2194.

In *Rehaif*, the Supreme Court of the United States held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S.Ct. at 2194. While not specifically enumerated by petitioner here, this Court agrees with Magistrate Judge Mazzone's conclusion that petitioner is essentially arguing that he was not aware of his status as a prohibited person, nor was the status requirement explained to him prior to the imposition of sentencing.

As explained above, this Court may not entertain petitioner's § 2241 petition unless petitioner can satisfy the conditions adopted in *Jones* or *Wheeler*. *See Asar v. Travis*, 2020 WL 1099391, at *5 (D. S.C. Feb. 10, 2010) ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler* or *In re Jones*").

Because petitioner attacks the validity of his conviction, this Court will examine whether he has met all the requirements articulated in *Jones*. This Court agrees with Magistrate

Judge Mazzone's finding that petitioner has met the first requirement. Settled law of the Fourth Circuit or the Supreme Court of the United States at the time of petitioner's sentencing established the legality of his conviction and sentence. *See Jones*, 328 F.3d at 333–34. Moreover, the Fourth Circuit has explained that *Rehaif* abrogated prior circuit precedent. *See United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020) (citing *United States v. Langley*, 62 F.3d 602 (4th Cir. 1995)).

Similarly, Magistrate Judge Mazzone properly concluded that petitioner satisfies the third condition because *Rehaif* was a decision involving statutory interpretation rather than constitutional law. *See In re Wright*, 942 F.3d 1063, 1064–65 (11th Cir. 2009) (per curiam) ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).").

As articulated by Magistrate Judge Mazzone, however, petitioner cannot satisfy the second condition under *Jones* because *Rehaif* did not change substantive law. This is so because the conduct for which petitioner was convicted is still illegal. *See Asar v. Travis*, 2020 WL 3843638 (D. S.C. July 8, 2020) (finding that being a felon in possession of a firearm remains a valid criminal offense); *Erby v. Brekon*, 2020 WL 1443154, at * 7 (W.D. Va. Mar. 4, 2020) (citing cases); *Hoffman v. Brekon*, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, 2020 WL 469660, at *2 (N.D. W.Va. Jan. 29, 2020) (Bailey, J.) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Moss v. Dobbs*, 2019 WL 7284989, at *9 (D. S.C. Sept. 23, 2019) ("[T]he savings clause test in *Jones* requires that

subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not be criminal.  Here, no such change occurred.").  Moreover, this Court notes:

> [n]either the Supreme Court nor the Fourth Circuit has made *Rehaif* retroactive to cases on collateral review.  Until such time, the Petitioner is not entitled to the relief he seeks. *See United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (stating that a § 2255 petitioner was not entitled to relief under *Apprendi* because that case was not retroactively applicable to cases on collateral review).

*Cherry v. United States*, 2020 WL 6480921, at 1 (E.D. Va. Nov. 4, 2020).

Petitioner filed objections on February 10, 2021.  *See* [Doc. 15].  Although framed as two separate objections, he presents one argument: that he *can* meet the second prong of *Jones* because although the conduct of which he was charged remains a criminal offense, the way it was charged and procured, is no longer considered a crime because the indictment against petitioner lacked essential elements. [Id.].  Petitioner contends that, given the holding in *Rehaif*, the indictment in his case does not charge any crime.  [Id.].  A *de novo* review of Magistrate Judge Mazzone's R&R and the grounds in support of petitioner's objections leads this Court to conclude that petitioner has failed to demonstrate satisfaction of the § 2255 savings clause for the reasons contained in the R&R and herein.  Accordingly, petitioner's objections are overruled.

## V.  CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report and herein.  Accordingly, petitioner's objections **[Doc. 15]** are **OVERRULED**.  This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March ⬤ , 2020.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**

10